IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CLARENCE EDWARD FRAZIER, II                                                PLAINTIFF

v.                                    CIVIL NO. 24-5186

LELAND DUDEK,[1] Acting Commissioner
Social Security Administration                                              DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Clarence Edward Frazier, II, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed his current application for DIB on April 24, 2022, alleging an inability to work since February 18, 2022, due to back problems, hip problems, neck problems,

---

[1] Leland Dudek, has been appointed to serve as Acting Commissioner of the Social Security Administration, and is substituted as Defendant pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

shoulder problems, knee problems, arthritis, stomach pain, chronic traumatic encephalopathy, emotional problems and anxiety. (Tr. 171). An administrative telephonic hearing was held on November 13, 2023, at which Plaintiff appeared with counsel and testified. (Tr. 36-57).

By written decision dated January 10, 2024, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 14). Specifically, the ALJ found Plaintiff had the following severe impairments: lumbar disc degeneration and spondylolisthesis; degenerative disc disease of the cervical spine; femoroacetabular impingement syndrome of both hips, rotator cuff tear of the right shoulder and impingement syndrome, and obesity. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 15). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) except he must have the option to sit or stand after thirty minutes, up to five minutes without increased time off task. The claimant can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; never climb ladders, ropes, and scaffolds; and frequently reach overhead bilaterally. The claimant must avoid concentrated exposure (no more than frequent) to hazards (moving mechanical parts and unprotected heights).

(Tr. 16). With the help of a vocational expert, the ALJ determined Plaintiff could perform other work as a receptionist and information clerk, an order clerk, and an interviewer. (Tr. 23).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who after reviewing additional evidence submitted by Plaintiff denied that request on July 24, 2024. (Tr. 1-7). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 15, 17).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.  Applicable Law:**

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable

3

clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. *Id.*

### III.  Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination.  RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. *Id*.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required

4

to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." *Id*.

In the present case, the ALJ determined Plaintiff maintained the RFC to perform sedentary work with limitations. After reviewing the record, the Court is troubled by the ALJ's failure to obtain medical evidence regarding spinal surgery that Plaintiff underwent in July of 2023. The medical records dated April 27, 2023, refer to both the planned lumbar fusion and subsequent recommended left total hip arthroplasty. (Tr. 584-586). Plaintiff testified at the November 13, 2023, administrative hearing that he underwent spinal surgery on July 10th, and continued to experience limitations. (Tr. 45-46). The Court acknowledges that the ALJ had the August of 2022, and May of 2023, opinions of the non-examining medical consultants, who opined Plaintiff could perform light work with limitations, before him when determining Plaintiff's RFC; however, it is unclear from the record whether these non-examining consultants had all of the relevant medical records before them when assessing Plaintiff's capabilities. (Tr. 64, 73). After reviewing the record, the Court finds remand necessary for the ALJ to more fully and fairly develop the record with respect to Plaintiff's alleged physical impairments.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

**IV.    Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 11th day of March 2025.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE